Anthony James ROBINSON,
Petitioner–Appellant,

v.

Steven J. CAMBRA, Jr., Warden, Director, California Department of Corrections, Respondent–Appellee.

No. 02–55541.

D.C. No. CV–01–01060–JNK/NLS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 2, 2004.

Decided March 30, 2004.

Before SILVERMAN, GOULD, and BEA, Circuit Judges.

MEMORANDUM *

California state prisoner Anthony Robinson appeals a judgment of the district court denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. This Court has jurisdiction under 28 U.S.C. § 2253. We affirm.

To obtain federal habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Robinson must demonstrate that the state court decision denying his claims on the merits was contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). We review de novo a district court's denial of habeas relief. *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003). To do so, we look to the last reasoned state court opinion–here, the California Court of Appeal's unpublished decision affirming Robinson's conviction. *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

■ Because the parties are familiar with the facts, we do not recite them in detail except as necessary. Robinson was convicted by a jury of robbery, attempted murder, and felony murder. He contends that he received ineffective assistance of counsel because his attorney (1) failed to ask the court for an instruction that Robinson could not be found guilty of felony murder if he joined the robbery after the shooting occurred and (2) failed to object to the prosecutor's statement in closing argument that Robinson would be guilty even if he only joined the robbery when he and his compatriots were fleeing the scene. To prevail on his ineffective assistance of counsel claim, Robinson must show that his counsel's performance fell below an objectively reasonable standard and caused him prejudice, i.e. that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The California Court of Appeal concluded (1) that the failure to request a pinpoint instruction on nonliability of late joining aiders and abettors under *People v. Pulido*, 15 Cal.4th 713, 63 Cal.Rptr.2d 625, 936 P.2d 1235 (1997) was not ineffective assistance of counsel because such an instruction was contrary to the defense case which posited that Robinson never joined the robbery and (2) that the failure to object to the prosecutor's statement in closing argument was not prejudicial because the jury instructions were correct; the trial judge instructed the jurors that they must follow his instructions if the attorneys argued any contrary statement of the law. This determination of the California Court of Appeal was neither contrary to nor an unreasonable application of federal law. 28 U.S.C. § 2254(d)(1); *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

■ Robinson also contends that the trial court's failure *sua sponte* to instruct the jury that he could not be found guilty of the felony murder if he joined the robbery after the shooting occurred violated his due process rights. To show that the omission of the jury instruction was a constitutional violation, Robinson must demonstrate that the omission "so infected the entire trial that the resulting conviction violates due process." *Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977) (internal quotation marks omitted).

■ The California Court of Appeal found that, under California law, Robinson

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

was not entitled to the *Pulido* instruction because the factual predicate for the instruction did not exist[1] and that even if the trial court erred in failing to give the instruction, Robinson suffered no prejudice. *People v. Breverman,* 19 Cal.4th 142, 154, 77 Cal.Rptr.2d 870, 960 P.2d 1094 (1998). As an alternative ground, the California Court of Appeal found that the trial court's failure to instruct the jury on the timing of Robinson's participation was "harmless beyond a reasonable doubt." *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The California Court of Appeal's decision with respect to the trial court's obligation to give a *sua sponte* instruction was neither contrary to nor an unreasonable application of federal law. 28 U.S.C. § 2254(d)(1); *Henderson,* 431 U.S. at 154, 97 S.Ct. 1730; *Chapman,* 386 U.S. at 24, 87 S.Ct. 824. Nor was it an objectively unreasonable determination of the facts, given the substantial evidence that Robinson planned and participated in the robbery,[2] and the dearth of evidence that he joined only when he picked up the gun on the way out of the store. 28 U.S.C. § 2254(d)(2).

The district court properly denied Robinson's petition for writ of habeas corpus. The judgment of the district court is AFFIRMED.

---

1. The evidence on which Robinson relies to support his argument does not warrant a *Pulido* instruction. Robinson presented his testimony from the first trial. In response to the prosecutor's question as to why Robinson picked up the gun on the way out of the store, Robinson replied: "Because it was Kevin's you know, They would come back in the car, I didn't have the stuff, you know." The California Court of Appeal correctly found that this cryptic statement does not constitute substantial evidence that Robinson joined the robbery after the shooting by attempting to conceal evidence. Indeed, it is consistent with a desire simply to return Kevin's property (the gun) to Kevin.

2. The evidence included the surveillance camera videotape footage of the robbery, and Robinson's testimony admitting that he pulled a bandana down over his face when entering the liquor store.